Thank you, Your Honor. Good morning. My name is Sung Lee from the Federal Defender's Office for the Eastern District of California on behalf of Mr. Herbert Owens. Your Honor, if I may, I'd like to reserve three minutes for rebuttal. The question before the Court in this case is whether District Court erred in summarily dismissing Mr. Owens' petition, which sought reinstatement of his visitation claims on the grounds that because Mr. Owens' petition is a conditions of confinement claim, it should have been presented as a 1983 action rather than a habeas petition. And for three reasons, Your Honor, I believe the answer is yes, that this was error by the District Court. First of all, the courts, including this Court, have held that some conditions of confinement claims are recognizable and habeas, and therefore the District Court's blanket rule that all such claims have to be presented as a 1983 action is error. Secondly, Your Honor, the Supreme Court and the Ninth Circuit have both held that there is a favorable termination requirement stemming from Preserve v. Rodriguez and Hick v. Humphrey that it appears forced Mr. Owens to succeed in habeas before he was allowed to present his claim as a 1983 action. And therefore, for that reason as well, I believe Mr. Owens did proceed properly by presenting his claim as a habeas petition. And third and finally, Your Honor, and perhaps most importantly, the District Court erred in failing to liberally construe Mr. Owens' petition since he is a pro se litigant and his case is one that involves – his case is a habeas case, Your Honor. Under those circumstances, the courts have held that District Court is required to liberally construe such petitions and give the petitioner some leave to amend any deficiencies in the petition. Let's say that we agree with you that the District Court should have done something further, either allowed amendment or construed the petition to be what the Court thought it should have been. Do we need to say anything else? Do we need to give the District Court some guidance on what to require of this man when it goes back in this case? In other words, should it be a 1983 action or should it be a habeas action? Well, Your Honor, that question has not been decided by the Ninth Circuit and the most analogous cases that I've been able to find on that point are these – those are also conditions of confinement claims and that's – and those claims this Court has held are properly presented as a habeas petition. I realize that seeking reinstatement of visitation rights is somewhat of a different situation, but insofar as that also is a conditions of confinement claim, I believe it's arguable that it should be presented as a habeas petition. What's the impact on the prisoner going either way? In other words, if it's presented – if we were to say in our ultimate wisdom that it should be presented as a habeas claim, then that pathway is pretty well developed and it works pretty well and pretty fast. If we say a 1983 action, then he's taken out of the prison system, he's taken out of the state court system, and he goes to federal court and wanders around there for several years. In the meantime, he's probably out of prison. As a policy matter from your standpoint representing these folks, would it be wiser to say it should be a habeas? Your Honors, to be honest with you, I really haven't even explored that question. Really, the focus of my work on this case has simply been to revive Mr. Owens's petition. You want him to get him back in district court, in some court? Yes, yes, Your Honor. Well, let me ask this. I'm having a little trouble understanding what Mr. Owens really is arguing. He didn't lose any good time credits. That's correct, Your Honor. So all he wants is restitution. Restoration of family visitation rights. Correct, Your Honor. Doesn't that claim then fall within the language of Crawford at 599F2nd, where this court long ago said this would be a 1983 claim rather than a habeas claim? How do you distinguish Crawford versus Bell? Your Honor, I don't believe I addressed that case in my brief. Well, Crawford says specifically that a writ of habeas is limited to a tax upon the legality or duration of confinement. And I don't understand Mr. Owens to be arguing that. And the Crawford court went on to say, instead, the petitioner should be able to claim that. The petition in Crawford, and I think as it is here, alleges the terms and conditions of his incarceration. He was alleging cruel and unusual or violates due process or invades some constitutionally protected privacy. You know, the court goes on to say that's a 1983 claim. I mean, isn't that what we have here, a 1983 claim? It may be, Your Honor. But I guess that we just return to the original point that Judge Nelson raised, that if, in fact, this is a 1983 claim, nonetheless, the district court should have simply advised Mr. Owens of that deficiency in his petition and guided him toward the proper route. The Seventh Circuit in Graham v. Broglin simply ignored the mislabeling of the petition and decided to construe what was presented as a habeas petition as a 1983 claim and decided the petition on the merits from there. So it may be the case, Your Honor, and I do apologize for not addressing Crawford, but it may be the case that this should have been a 1983 action. But nonetheless, I think Mr. Owens should have been given the opportunity to present it as such rather than simply being tossed out of court without any response from the state or any advice from the court. Does he have an obligation, regardless of whether he's in habeas or a 1983, in challenging the underlying conviction? In other words, is his right to recover going to be dependent upon whether or not the underlying conviction was valid or not? It may, Your Honor. I think by the underlying conviction, you're talking about the disciplinary judgment. Yes. If the court decides that the favorable termination requirement of Heck and Prizer are applicable in this situation, then, yes, he would have to overturn that disciplinary judgment in order to gain relief in a 1983 action. On the other hand, I suppose if the court decides that it's simply a 1983 action and that requirement doesn't apply, then he doesn't have to succeed in habeas. How long were his family visitation rights taken away? Initially, Your Honor, they were taken away, I believe, for 90 days, and then they were reinstated when he was transferred to a different facility, and he was transferred to another facility thereafter where those rights were reinstated again. And then we had a situation where Ms. Hubbard, who was transferred to the facility that Mr. Owens is in right now, that being Solano, and she took it upon herself to deny Mr. Owens rights at that point. Well, let's assume those rights tomorrow for whatever reason were returned to him. Would he have a continuing habeas claim? I believe at that point the case would be moot, Your Honor. Would he have a continuing 1983 claim? I mean, he's not seeking damages, is he? He's seeking only the visitation rights. That's correct, Your Honor. So it would be moot either way. Yes, although I suppose Mr. Owens, if he decided he wanted to now seek damages, he might be able to follow that course. I think your statement was correct that there is no current Ninth Circuit case on this, but there is a case in the pipeline you have no way of knowing about this. I only know about it because I was on the panel. The case is Ramirez v. Galazza. It's number 00-15994, and I believe an opinion is forthcoming, and it deals with the question of whether habeas or 1983 is the appropriate vehicle in a challenge to a condition of confinement that has little or no impact on length of sentence or collateral effects, and it also involves a transfer. While the discipline was interposed. So you might be alert to that case, which should be out in a month or so. Thank you, Your Honor. If the Court does have any questions. I suppose, going back to my question hypothetically as to what would offer some relief to the prisoner, if the situation is ongoing, in other words, his family visitation rights are stopped, the way that he would get the quickest relief would be habeas, wouldn't it? In other words, he goes through the discipline proceeding, and then he goes to state court and says, help me, I'm in trouble here, and I'd like to have my visiting privileges restored. If he goes to court on a 1983, he's got to get into court. He's got to get everybody's attention. Then he needs some kind of a restraining order. All of that takes a little more time than habeas. So given a clean slate, wouldn't you say habeas would be as long as the discipline is in place, that habeas would offer the best relief for the prisoner? Your Honor, I could not add any more to that myself. Thank you. Thank you very much. Good morning. May it please the Court, my name is Constance Picciano, and I represent the respondent in this case. The issue, as I understand it in this case, is whether the petition was properly summarily denied as a conditions of confinement case rather than a challenge to the factor duration of the individual's confinement. Regardless of how Judge Shub looked at the question of what it should have been, on our precedents, wasn't he required to give this pro se prisoner a shot at amendment? Well, there is some authority for allowing or converting a habeas petition to a civil rights action, but since those cases have been decided, there have been some changes in the law by the enactment of the Prison Litigation Reform Act, which requires certain procedural prerequisites to bringing a civil rights action, and the enactment of the AEDPA, which has other procedural requirements, so that the sort of willy-nilly conversion of this to one form or the other seems less an appropriate methodology for dealing with the case. He was advised that at most he should bring the action as a civil rights action, and so the district court did advise him as to the appropriate claim or methodology for bringing this claim, but as I understand it, petitioner is arguing that the court should simply have converted it when the procedural requirements now are completely different with regard to bringing a habeas action or bringing a civil rights action. But regardless of conversion, why wasn't Judge Shebb required to tell the prisoner, you may amend, say, I, Judge Shebb, think this ought to be a 1983 action. You may file an amended petition and raise it as a 1983 action. You've got some procedural hurdles, admittedly, but at least you can amend and try, but why do we count on simply summarily pitching him out? Well, I would answer that in two ways. One, because of the procedural differences now would argue against him the requirement that he pay the filing fee when he brings a civil rights action, even if he has to pay it partially and in increments. And second of all, when you look at the allegations of the complaint, there's neither a habeas action here or a civil rights action. There's simply no liberty interest involved in any of his claims in this case. So... Your argument is amendment would be futile. Yes. Could you give me a reference to the record, if you can, as to how he was told that he could bring a civil rights action? I believe it was in either the ‑‑ I believe it was in the findings and recommendations where the magistrate advised him that a challenge to the conditions of confinement must be brought as a civil rights action. And he filed objections to those findings and recommendations arguing why he should be able to continue in habeas because he believed his challenge was to the disciplinary finding and he believed that the sequence of events is that he was found guilty in the disciplinary of trafficking or conspiracy to traffic in drugs in the prison as an absolute consequence of that disciplinary. The policy of the Department of Corrections is to prohibit him from having family visiting, which is the 72‑hour private separate visitation overnight. It's not contact visiting, which is physical contact between visitors in the visiting room. His punishment in the disciplinary was a 90‑day noncontact, so every visit he had was behind a screen over a telephone or in a booth of some kind. Family visiting is a privileged program that allows inmates to stay in a separate housing, like a little apartment, on prison grounds and have contact, sexual relations with a spouse, visitation with parents, brothers and sisters, certain in a private setting for up to 72 hours. That is a program that depends upon the person qualifying, and there are many disqualifications from that program. One of those is a disciplinary for trafficking in drugs. Contact visiting was restored after the 90‑day punishment that he imposed. The record is not clear. He apparently claimed in his administrative appeal that after the disciplinary he had a family visit. His counselor at Solano in reviewing his file said, no, you don't meet the departmental requirements. About a month after his counselor informed him that he didn't meet the criteria for family visiting, he appeared before a classification committee in which Susan Hubbard was a member of a large committee that advised him, in fact, he did not meet the requirements of the department's regulations for family visiting. But family visiting and, indeed, contact visiting doesn't implicate a federal right. He has no right to this kind of visitation at all. He has no constitutional right to contest a due process violation in a disciplinary in which no effect is present on the duration of his confinement. That's Sandin, and Sandin was decided post‑Ninth Circuit case, which held that habeas could be extended to contests of due process to a sort of a qualitative change in the person's confinement, such as administrative segregation. Post Sandin calls into question whether that kind of segregated housing implicates a liberty interest at all. Well, even if it doesn't, wouldn't it ‑‑ wouldn't he still have a 1983 claim? No. Why? Because if he has no ‑‑ if he cannot show a constitutional violation of a federal liberty interest, he may not bring a 1983 action. And we don't have that in either his challenge to the disciplinary or in the deprivation of family visiting. He simply has no federal right of either due process in this situation or in the family visiting. And that raises another question. His challenge is a claim of due process in the procedure that was used to inform him that he could not have family visiting. It becomes an interesting question if the court were to say he had a habeas, a right to bring a habeas action to contest a First Amendment family association right or an Eighth Amendment medical care claim or the whole myriad of civil rights actions, which are purely and simply about things that prison officials do in the normal day-to-day course of being incarcerated. All right. Let me just conclude by saying that this is a bit of a thorny path that is being tread. The court asked whether habeas would be a more expeditious means of vindicating, if he had a right in these circumstances, of vindicating his rights. And I can only point out that the disciplinary, which he challenges, was a 1997 action. And his habeas petition in this case was not filed until 2001. And so had he pursued a civil rights action, one would presume that a 1997 action would have long been disposed of. All right. Thank you. We'll give you a minute in rebuttal. Your Honor, I just want to address the point raised that there may be a standing problem here in that amendment. Even if Mr. Owens was granted leave to amend the petition, he might be out of luck anyway. I think that goes to the breakdown in the process that occurred here by the court simply tossing Mr. Owens out of the case. Tossing Mr. Owens out without giving him any chance to reply. Everything that the AG has raised in their response brief and in their arguments today really should have occurred back earlier in district court when Mr. Owens simply first filed his petition. And then the AG at that point could have been invited to reply to his petition. And then he could have had a chance to respond or amend his petition accordingly. And I think what district court did here was really a waste of judicial resources and a waste of time by forcing Mr. Owens to come to this court instead in order to have all these issues addressed. And on a final note, one possible course that Mr. Owens could have taken by amending his petition was to present the First Amendment claim, and that's something that I addressed in my reply brief, where he could have, and that doesn't run into the same stand-in problem, and he could have argued that he was deprived of his visitation rights based on Ms. Hubbard's personal feelings for him. And there does seem to be some evidence in the record to that effect. If the Court has no further questions. I guess not. Thank you very much. Thank you, Your Honor. The case just argued will be submitted.
judges: Tg Nelson, Hawkins, Zilly